UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.R., by and through her Guardians ad Litem; NICOLE REED; and RONALD REED,<br><br>Plaintiffs,<br><br>v.<br><br>SAN MARCOS UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 21-CV-1752 JLS (AGS)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S EX PARTE APPLICATION TO EXTEND TIME; (2) SUA SPONTE STRIKING PLAINTIFF'S EXHIBIT 15; AND (3) ORDERING PLAINTIFF TO FILE OAH'S RULING ON PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>(ECF No. 25) |

Presently before the Court is Plaintiff's Ex Parte Application to Extend the Briefing Schedule ("Appl.," ECF No. 25). Plaintiff requests the Court "extend the briefing schedule to ten (10) calendar days following [Office of Administrative Hearings ("]OAH's[")] ruling on Plaintiff's Motion for Clarification." Appl. at 2. For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Application.

"In our adversary system, ex parte motions are disfavored." *Ayestas v. Davis*, 138 S. Ct. 1080, 1091 (2018); *accord United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987). Consequently, "opportunities for legitimate ex parte applications are extremely

limited." *Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC*, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015) (quoting *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989)).  A proper *ex parte* motion must "address . . . why the regular noticed motion procedures must be bypassed," i.e., "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  This District has additional requirements that parties must meet to demonstrate they are entitled to *ex parte* relief:

> A motion for an order must not be made ex parte unless it appears by affidavit or declaration (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

S.D. Cal. Civ. R. 83.3(g)(2).

The Court concludes that Plaintiff has not demonstrated entitlement to *ex parte* relief.  Compliance with the Local Rules is a prerequisite, not a substitution, for the additional requirements for *ex parte* relief articulated in the case law.  Plaintiff has not averred in an affidavit or declaration that she informed or made attempts to inform Defendant of Plaintiff's intent to file the present Application.  Additionally, she has not argued why she should not be required to inform Defendant about her request.  Therefore, the Court finds Plaintiff's Application is procedurally deficient and **DENIES WITHOUT PREJUDICE** the Application.

Accompanying Plaintiff's Ex Parte Application is Plaintiff's Exhibit 15 (ECF No. 25-1).  The documents included in Plaintiff's Exhibit 15 contain the full name of the minor Plaintiff.  As the Court has previously instructed (ECF No. 3), pursuant to this Court's General Order No. 514, "counsel or parties shall be required to remove or redact the . . .

Names of Minor Children.  If the involvement of a minor child must be mentioned, only the initials of that child should be used." *See also Fotinos v. Fotinos*, No. C 12-953 CW, 2014 WL 546083, at *5 (N.D. Cal. Feb. 7, 2014), *aff'd*, 644 F. App'x 793 (9th Cir. 2016) (striking filings that improperly included minor child's name).  Accordingly, the Court sua sponte **STRIKES** Plaintiff's Exhibit 15 (ECF No. 25-1).

In light of Plaintiff's representation that she has filed a Motion for Clarification with the Office of Administrative Hearings, the Court **ORDERS** Plaintiff to file with the Court OAH's written decision on Plaintiff's Motion for Clarification **within three days** of issuance.

**IT IS SO ORDERED.**

Dated:  December 2, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge